Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| MARIA V. AYALA RODRIGUEZ **Lesionada-Recurrida** DEPARTAMENTO DE EDUCACION Patrono COMISION INDUSTRIAL DE PUERTO RICO **Agencia-Recurrida** v. CORPORACION DEL FONDO DEL SEGURO DEL ESTADO **Recurrentes** | KLRA202500141 | **REVISIÓN ADMINISTRATIVA** Procedente de Comisión Industrial de Puerto Rico **CASO CI:** 12-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-06 **CASO CFSE:** 12-34-00983-9 Sobre: **Incapacidad Total (Factor Socio-Económico)** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2025.

Comparece ante nos, la Corporación del Seguro del Estado, en adelante, CFSE o recurrente, mediante *Recurso de Revisión* y nos solicita que revoquemos la *"Resolución"* emitida por la Comisión Industrial de Puerto Rico, en adelante, Comisión Industrial, el 7 de febrero de 2025. En el dictamen, la Comisión Industrial decidió revocar la determinación inicial que emitió el Administrador de la CFSE emitida el 23 de diciembre de 2023, determinando así que la señora María Ayala Rodríguez, en adelante Ayala Rodríguez o recurrida, tenía incapacidad total.

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen recurrido.

**I.**

El 1 de noviembre de 2011, la señora Ayala Rodríguez reportó un accidente mientras laboraba como cocinera para el

Número Identificador
SEN2025_____

Departamento de Educación. El día del incidente, la recurrida cayó al suelo recibiendo golpes en diferentes áreas del cuerpo.[1] Oportunamente, Ayala Rodríguez se presentó ante la CFSE para reportar su accidente y recibir el tratamiento conveniente.

Surge del alegato de la parte recurrente que, el 21 de febrero de 2012, la CFSE otorgó el alta médica a la recurrida. No obstante, Ayala Rodríguez apeló la referida determinación ante la Comisión Industrial. También alegó que luego de varios trámites, el 14 de enero de 2021, la Comisión Industrial refirió a Ayala Rodríguez a la CFSE para una evaluación ante el Comité de Factores Socioeconómicos. Esto con el propósito de determinar si la recurrida se encontraba totalmente incapacitada para desempeñar sus funciones laborales de manera efectiva y ordinaria.

Según el recurso de la CFSE, el 13 de diciembre de 2022 la recurrente notificó su decisión sobre los factores socioeconómicos, y denegó la incapacidad total de Ayala Rodríguez. La recurrida apeló nuevamente la determinación, ante la Comisión Industrial. A esos fines, se celebró una vista pública el 17 de agosto de 2023. En la *"Resolución"* notificada 18 de enero de 2024, la Comisión Industrial emitió una decisión en la que confirmó la decisión del Administrador de la CFSE del 13 de diciembre de 2022. En la referida resolución, se determinó que la recurrida no tenía derecho a recibir los beneficios establecidos en la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 del 18 de abril de 1935, 11 LPRA sec. 1 *et seq.*, en adelante, Ley de Compensaciones, para casos de incapacidad total permanente por factores socioeconómicos.[2]

Así las cosas, el 7 de febrero de 2024, la recurrida presentó "*Moción Solicitando Reconsideración*".[3] En vista de lo anterior, la

---

[1] Apéndice del Recurso, pág. 19.
[2] *Id.*, pág 1.
[3] *Id.*, pág. 25.

Comisión Industrial notificó el **22 de febrero de 2024** la *"Notificación Acogiendo Moción para Reconsideración y Orden"*.[4] En la misma, dispuso que acogía la moción presentada por la parte recurrida para resolver *dentro del término de noventa (90) días* a partir de la fecha de radicación de la *"Moción de Reconsideración"*.[5]

En vista de lo anterior, surge del alegato del recurrente que el 27 de febrero de 2024 la CFSE presentó su oposición. Por otro lado, el 29 de abril de 2024, la Comisión Industrial emitió una *"Resolución Sobre Extensión de Término"*, notificando que aún no habían podido concluir la investigación jurídica requerida para adjudicar la controversia. Así que extendió *un término de treinta (30) días adicionales* para resolver la misma.[6]

No obstante, no fue hasta el **7 de febrero de 2025**, que la Comisión Industrial emitió la *"Resolución de la Reconsideración"* donde declaró *"Ha Lugar"* la solicitud de reconsideración presentada por Ayala Rodríguez y revocó, a su vez, la *"Resolución"* del 18 de enero de 2024.[7] Por otra parte, la Comisión Industrial también le reconoció a la recurrida el derecho a recibir los beneficios establecidos en la Ley de Compensaciones, supra, para casos de incapacidad total permanente por factores socioeconómicos. Además, ordenó a la CFSE a hacer efectivo los beneficios de la compensación a la recurrida.[8]

Insatisfecho con lo resuelto, la CFSE acudió ante nos mediante un *"Recurso de Revisión"* y señalo el siguiente error de la Comisión Industrial:

> **Erró la Comisión Industrial al resolver la Moción de Reconsideración fuera del término de 90 días establecido por el Artículo 3.15 de la Ley de Procedimiento Administrativo**

---

[4] Apéndice del recurso, pág. 27.
[5] *Id.*
[6] *Id.*, pág. 28.
[7] *Id.*, pág. 8.
[8] *Id.*

**Uniforme, supra, así como del plazo adicional de 30 días que extendió motu proprio, conforme a dicha ley y al Reglamento de la Comisión Industrial de Puerto Rico, supra. Al actuar sin jurisdicción y sin autoridad para ello, su resolución es nula, careciendo de validez y efectos legales.**

El 12 de marzo de 2025, emitimos *"Resolución"* para que la parte recurrida presentara su posición en cuanto al recurso en o antes del 9 de abril de 2025. En cumplimiento de orden, la parte recurrida presentó *"Oposición a Recurso de Revisión"* el 3 de abril de 2025. En la misma, solicitó a este Foro que denegara el recurso de revisión interpuesto por la CFSE, por carecer de fundamento jurídico, y que ratificara la validez de la *"Resolución"* emitida por la Comisión Industrial, debido a que el poder inherente que tienen las agencias para corregir sus errores no está limitado por términos.

Con el beneficio de la comparecencia de ambas partes y perfeccionado el recurso, procedemos a expresarnos.

**II.**

**A. Revisión Judicial de Agencias Administrativas**

La revisión judicial de decisiones administrativas tiene como fin, "asegurar que los organismos administrativos actúan conforme a las facultades concedidas por ley". *Jusino Rodríguez vs. Junta de Retiro*, 2024 TSPR 138, 215 DPR ___ (2024); *OEG vs. Martínez Giraud*, 210 DPR 79, 88 (2022). En vista de ello, esta doctrina nos exige "examinar si las determinaciones de las agencias administrativas se tomaron dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez vs. Supte. Policía*, 201 DPR 26, 35 (2018).

Sabido es, que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y

pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Katiria's Café, Inc vs. Mun. San Juan,* 2025 TSPR 33, 215 DPR ___ (2025); *Otero Rivera vs. USAA Fed. Savs. Bank,* 2024 TSPR 70, 213 DPR ___ (2024); *Voilí Voilá vs. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud,* supra, págs., 88-89; *Super Asphalt v. AFI y otro,* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Katiria's Café, Inc vs. Mun. San Juan,* supra*; Transporte Sonell, LLC vs. Junta Subastas,* 2024 TSPR 82, 214 DPR ___ (2024); *Otero Rivera vs. USAA Fed. Savs. Bank,* supra; *Jusino Rodríguez vs. Junta de Retiro,* supra.

El Art. 4.006, de la Ley de la Judicatura de 2003, 4 LPRA sec. 24y, establece en su inciso (c) la competencia del Tribunal de Apelaciones. A esos efectos, dispone que este Foro conocerá mediante recurso de revisión judicial, las decisiones, *órdenes y resoluciones finales* de organismos o agencias administrativas. *Simpson, Passalacqua vs. Quirós, Betances,* 2024 TSPR 64, 214 DPR ___ (2024)*; AAA v. UIA,* 200 DPR 903, 910-911 (2018); *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527, 543 (2006); *Procuradora Paciente v. MCS,* 163 DPR 21, 33-34 (2004).

Por su parte, la Sección 1.3 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, 3 LPRA sec. 9601, define "orden o resolución" como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas

específicas, o que imponga penalidades o sanciones administrativas, excluyendo órdenes ejecutivas emitidas por el Gobernador". Además, la precitada sección define "orden interlocutoria" como "aquella acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal". *Simpson, Passalacqua vs. Quirós, Betances,* supra.

La Sec. 4.2 de la LPAUG, supra, sec. 9672, también establece que la revisión administrativa ante el Tribunal de Apelaciones *se hará respecto a las órdenes o resoluciones finales,* luego de que el recurrente haya agotado "todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente". Es decir, no serán revisables directamente a este Tribunal las órdenes o resoluciones interlocutorias de una agencia, esto es, aquellas que se emitan durante los procesos administrativos que se desarrollan por etapas, y no sean finales. A esos efectos, esta misma sección provee que la disposición interlocutoria de la agencia *podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.*

A pesar de que la LPAUG no define el término "orden o resolución final", esta contiene una descripción de lo que tiene que incluir para ser considerada final. *Simpson, Passalacqua vs. Quirós, Betances,* supra. En su Sección 3.14, supra, sec. 9654, este cuerpo estatutario requiere que se incluyan determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación, además de añadir la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso. *J. Exam. Tec. Méd. V. Elías et al.,* 144 DPR 483, 489-490 (1997).

Por su parte, el Tribunal Supremo de Puerto Rico ha establecido que para que una orden emitida por una agencia pueda ser revisada ante el Tribunal de Apelaciones, deben cumplirse dos requisitos: (i) que la parte adversamente afectada por la orden haya

agotado los remedios provistos por la agencia y (ii) que la resolución sea final y no interlocutoria. *Simpson, Passalacqua vs. Quirós, Betances,* supra. *Depto. Educ. v. Sindicato Puertorriqueño,* supra, pág. 543; *Procuradora Paciente v. MCS,* supra, págs. 34-35. Se entiende como final, la orden o resolución emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935 (2000). Nuestro Alto Foro lo ha descrito como una orden o resolución que "le ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes". *Crespo Claudio v. O.E.G.,* 173 DPR 804, 812-813 (2008); *Comisionado Seguros v. Universal,* 167 DPR 21, 28-29 (2006).

Con relación a la deferencia, la determinación administrativa no será mantenida por los tribunales cuando: a) no esté basada en evidencia sustancial; b) ***el ente administrativo haya errado al aplicar o interpretar las leyes o los reglamentos que se le han encomendado administrar;*** c) el organismo administrativo haya actuado de forma arbitraria, irrazonable, ilegal o cometido abuso de discreción, realizando determinaciones carentes de una base racional; o d) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114*; Torres Rivera* v. *Policía de PR,* 196 DPR 606, 628 (2016). (Énfasis suplido).

Los tribunales, para lograr su encomienda, deberán evaluar los siguientes tres (3) aspectos: 1) si el remedio concedido fue el apropiado; 2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad; y 3) si se sostienen las conclusiones de derecho realizadas por la agencia. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *OEG* v. *Martínez Giraud,* supra, pág. 89; *Moreno*

*Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839-840 (2021); *Torres Rivera v. Policía de Puerto Rico,* supra, págs. 626-627.

### B. Jurisdicción de Reconsideraciones Administrativas

La Ley de Compensaciones, supra, es una legislación de carácter remedial que brinda ciertas garantías y beneficios a los trabajadores en el contexto de accidentes o enfermedades ocupacionales que ocurren en el ámbito laboral. *Hernández Morales v. CFSE*, 183 DPR 232, 240 (2011). Ello así, al dar cumplimiento a nuestra Constitución, la cual reconoce el derecho a todo trabajador a la "protección contra riesgos para su salud o integridad personal en su trabajo o empleo". Art. II, Sec. 16, Const. ELA, LPRA, Tomo 1. Para llevar a cabo la política pública establecida, la Ley de Compensaciones, supra, creó dos organismos: la CFSE y la Comisión Industrial. En síntesis, la CFSE, a través de su Administrador, "es el foro primario donde se dilucida si un obrero es elegible o no a los beneficios que establece la ley". *Agosto Serrano v. F.S.E.*, 132 DPR 866, 874 (1993). Por su parte, la Comisión Industrial "es un organismo de carácter fundamentalmente adjudicativo y revisor", con funciones cuasi-judiciales y cuasi-tutelares para la investigación y la resolución de los casos en que el Administrador de la CFSE y el empleado lesionado no lleguen a un acuerdo. *Id.,* pág. 875.

Por su parte, la Sección 3.15 de la LPAUG, supra, sec. 9655 dispone lo siguiente:

> Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. *Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los*

*noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y **el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.***
(Énfasis Suplido).

Nuestro más Alto Foro ha reiterado en *Kelly Temporary Services v. F.S.E.*, 142 DPR 290, 300-301 (1997), que la Sección 3.15 de la LPAUG, supra, sec. 9655 sobre el proceso de reconsideración administrativa, es aplicable sólo a casos en que se solicita revisión judicial. Además, se dispuso que, aunque la ley orgánica de la CFSE no le concede de forma expresa la facultad para reconsiderar sus propias decisiones, **los organismos administrativos tienen la facultad inherente para reconsiderar sus órdenes en cualquier momento *antes de que pierdan jurisdicción sobre el caso***, independientemente de lo que se establezca por el propio estatuto que crea el organismo. Por lo tanto, las agencias y sus entes revisores **tienen el poder inherente para revisar sus decisiones, para lo que las partes tienen a su disposición los mecanismos equivalentes a los establecidos en las Reglas 47 y 49.2 de Procedimiento Civil.** *Kelly Temporary Services v. F.S.E.*, supra, págs. 300-301.

Sin embargo, el aludido caso también explica que regirán los criterios básicos de equidad y razonabilidad para resolver una moción de reconsideración. Es decir, "los parámetros de razonabilidad ciertamente no pueden sobrepasar los términos dispuestos en la Sec. 3.15 de la LPAUG, que limitan el término que tiene tanto una parte para acudir ante la agencia mediante moción de reconsideración como la agencia para resolver dicha petición". *Id.*, pág. 303.

**III.**

La parte recurrente en el caso de marras nos solicita que declaremos nula la "*Resolución en Reconsideración*", emitida por la Comisión Industrial el 7 de febrero de 2025. Alega el recurrente que la misma fue dictada fuera del término jurisdiccional dispuesto en la Sección 3.15 de la LPAUG, supra, sec. 9655. *Le asiste la razón.*

La recurrida solicitó la reconsideración de la *"Resolución"* inicial del CFSE, en la que se le denegó la incapacidad total y permanente. Luego de acoger la solicitud de reconsideración de la recurrida, la Comisión Industrial notificó el 30 de abril de 2024 una "*Resolución Sobre Extensión de Término*", en la cual esboza que el término para resolver la reconsideración se extendería treinta (30) días adicionales por no haber concluido con la investigación. Siendo aproximadamente, el 7 de junio de 2024, la fecha en que la Comisión Industrial debió informar su decisión respecto a la controversia. Sin embargo, no es hasta el 7 de febrero de 2025, que la parte recurrida atiende la misma. Es decir, *casi diez (10) meses más tarde.*

Por consiguiente, la CFSE acude ante nos señalando que erró la Comisión Industrial al resolver la moción de reconsideración presentada por Ayala Rodríguez, fuera del término establecido en el Sección 3.15 de la LPAUG, supra, sec. 9655. Por ende, arguye que, *actuó la Comisión Industrial sin jurisdicción ni autoridad.*

Por su parte, la recurrida sostiene que las agencias tienen un poder inherente para corregir sus errores, y por tal motivo, no tienen un tiempo limitado. *Esto no se sostiene en derecho.*

Como hemos reseñado previamente, la Sección 3.15 de la LPAUG, supra, sec.9655 concede a *las agencias un término de noventa (90) días para resolver* una solicitud de reconsideración y, *cuando exista justa causa,* se puede extender el precitado término por treinta (30) días adicionales. Sin embargo, lo cierto es que el

referido estatuto sobre reconsideración aplica solo a los casos de revisión judicial.

Ahora bien, en el caso de autos, la controversia planteada versa sobre la aplicabilidad de la Sección 3.15 de la LPAUG, supra, sec.9655, a la reconsideración de la Comisión con relación a su determinación inicial. Para casos como el de epígrafe, *Kelly Temporary Services v. F.S.E.*, supra estableció que las agencias deberán adherirse a los principios básicos de equidad y razonabilidad para atender una reconsideración. Además, expresó, que estos parámetros no pueden sobrepasar los términos dispuestos en la LPAUG, supra.

Según nos obliga esta norma, utilizamos lo dispuesto en la Sección 3.15 de la LPAUG, supra, sec.9655 como criterio de razonabilidad para evaluar el periodo de tiempo entre la solicitud de reconsideración de Ayala Rodríguez y la *"Resolución en Reconsideración"* de la Comisión Industrial. Considerando que la misma se emitió diez (10) meses posteriores a los términos dispuestos por la LPAUG, supra, concluimos que el mismo *no fue razonable*. Por lo cual, justipreciamos que la Comisión Industrial perdió *jurisdicción* para atender la solicitud de reconsideración.

**IV.**

Por los fundamentos antes expuestos, *revocamos la "Resolución" recurrida.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones